**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000335**
**20-MAR-2024**
**08:46 AM**
**Dkt. 89 SO**

NO. CAAP-19-0000335

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

WHEELS OF JUSTICE, LLC, a Nevada limited liability company,
Plaintiff-Appellant,
v.
TITLE GUARANTY ESCROW SERVICES, INC., Defendant/Crossclaim
Defendant/Crossclaimant/Third-Party Plaintiff-Appellee;
ISLAND TITLE CORPORATION, Defendant/Crossclaimant/Third-Party
Plaintiff/Crossclaim Defendant-Appellee;
CLINTON HINCHCLIFF, JR., Defendant/Crossclaim Defendant-
Appellee; CLINTON HINCHCLIFF, SR., Defendant/Crossclaim
Defendant-Appellee; HINCHCLIFF INVESTMENTS LLC,
Defendant/Crossclaim Defendant-Appellee;
NIMBLE LAND, INC., a Hawaii Corporation, Third-Party
Defendant/Crossclaimant-Appellee;
and
JOHN AND JANE DOES 1-20; DOE CORPORATIONS, PARTNERSHIPS,
and/or OTHER ENTITIES 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CC09100178K)

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Wadsworth and Guidry, JJ.)

This matter involves a dispute concerning a real property transaction. Plaintiff-Appellant Wheels of Justice, LLC (**WOJ**) appeals from the Amended Final Judgment, filed March 27, 2019 (**Amended Judgment**), entered by the Circuit Court of the Third Circuit (**circuit court**).[1]

WOJ contends on appeal that the circuit court erred in granting summary judgment in favor of Title Guaranty Escrow Services, Inc. (**Title Guaranty**), and Island Title Corporation (**Island Title**).[2] Upon careful review of the record and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we affirm the circuit court's Amended Judgment.

"On appeal, the grant or denial of summary judgment is reviewed de novo." Ralston v. Yim, 129 Hawaiʻi 46, 55, 292 P.3d 1276, 1285 (2013) (citations omitted). The court applies the following standard,

> [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the

---

[1] The Honorable Robert D.S. Kim presided. The Honorable Ronald Ibarra initially presided over this case through 2017.

[2] WOJ presents no discernible argument in support of its contention that "[b]y granting summary judgment to the Appellees , [sic] the Circuit Court violated [WOJ's] constitutional rights to due process and equal protection by denying it property, possession, and ownership interests." We thus decline to address that contention. In re Guardianship of Carlsmith, 113 Hawaiʻi 236, 246, 151 P.3d 717, 727 (2007) ("[An appellate] court may disregard a particular contention if the appellant makes no discernible argument in support of that position." (cleaned up)).

> effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

Id., at 55-56, 292 P.3d at 1285-86.

WOJ challenges the circuit court's entry of separate Findings of Fact, Conclusions of Law, and Order dated December 11, 2018 (**December 2018 Order**), and January 30, 2019 (**January 2019 Order**), respectively. The December 2018 Order awarded summary judgment in favor of Title Guaranty and against WOJ. The January 2019 Order awarded summary judgment in favor of Island Title and against WOJ.

As the record reflects, Title Guaranty and Island Title satisfied their initial burden of production. Title Guaranty and Island Title provided evidence, including copies of the escrow and title insurance paperwork, showing that the parties to the property transaction at issue were Nimble Land, Inc. (**Nimble**) and Hinchcliff Investments LLC (**Hinchcliff**); WOJ was not a party. Ralston, 129 Hawai'i at 60, 292 P.3d at 1290 ("[A] summary judgment movant may satisfy his or her initial burden of production by either (1) presenting evidence negating an element of the non-movant's claim, or (2) demonstrating that the nonmovant will be unable to carry his or her burden of proof at trial." (citations omitted)).

The burden then shifted to WOJ.  Kondaur Cap. Corp. v. Matsuyoshi, 136 Hawai'i 227, 240-41, 361 P.3d 454, 467-68 (2015) ("Only with the satisfaction of [movant's] initial showing does the burden shift to the [non-moving] party to respond by affidavits or as otherwise provided in [Hawai'i Rules of Civil Procedure] Rule 56, setting forth specific facts showing that there is a genuine issue for trial.") (cleaned up) (underscore omitted).  WOJ did not meet its burden of establishing that, notwithstanding its non-party status, there exists a genuine issue of material fact for trial.

First, WOJ did not establish a genuine issue of material fact as to whether Title Guaranty owed any duty to WOJ, a non-party to the property transaction and/or escrow agreement. Pursuant to well-established law, Title Guaranty, as escrow, had a fiduciary duty to faithfully comply with the instructions of *the parties* to the escrow agreement.  DeMello v. Home Escrow, Inc., 4 Haw. App. 41, 47, 659 P.2d 759, 763 (App. 1983) ("The general rule is that an escrow depository occupies a fiduciary relationship with the parties to the escrow agreement or instructions and must comply strictly with the provisions of such agreement or instructions." (citations omitted)).

Second, WOJ did not establish a genuine issue of material fact as to whether Island Title owed any duty to WOJ, a non-party to the property transaction and title insurance agreement. Island Title acted as the authorized issuing agent for First American Title Insurance Company, with the role of facilitating the issuance of title insurance to Hinchcliff in its property transaction with Nimble. See Chun v. Park, 51 Haw. 462, 464, 462 P.2d 905, 907 (1969) (imposing upon title company, towards buyer and lender, "a duty to use reasonable or ordinary care in the preparation of the certificate of title search[.]"). Island Title did so with buyer Hinchcliff's written agreement that the sale would be subject to WOJ's claim.[3]

---

[3] WOJ's recordation and notice of the *lis pendens* did not create a duty on the part of Title Guaranty or Island Title towards WOJ. The *lis pendens* provided notice to the buyer of the property, Hinchcliff, of WOJ's pending lawsuit. The *lis pendens* did not impose a duty upon Title Guaranty or Island Title to prevent the closing of the property sale. IndyMac Bank v. Miguel, 117 Hawaiʻi 506, 521, 184 P.3d 821, 836 (App. 2008) ("The doctrine of lis pendens is intended to protect a claimed interest in property from being defeated by a subsequent sale to a bona fide purchaser during the course of litigation." (citation omitted)). In this case, the sale proceeded – at the parties' instruction – with Hinchcliff's written agreement that the sale would be subject to WOJ's claim.

For the foregoing reasons, we affirm the circuit court's Amended Judgment.

DATED: Honolulu, Hawai'i, March 20, 2024.

On the briefs:

R. Steven Geshell,
for Wheels of Justice, LLC
a Nevada limited
liability company,
Plaintiff-Appellant.

Charles A. Price,
for Title Guaranty Escrow
Services, Inc.,
Defendant/Crossclaim
Defendant/Crossclaimant/
Third-Party Plaintiff-Appellee.

Regan M. Iwao,
for Island Title Corporation,
Defendant/Crossclaimant/
Third-Party Plaintiff/Crossclaim
Defendant-Appellee.

Peter Knapman
for Clinton Hinchcliff, Jr.,
Clinton Hinchcliff, Sr., and
Hinchcliff Investments LLC,
Defendants/Crossclaim Defendants-
Appellees.

John R. Remis, Jr.
for Nimble Land, Inc.,
a Hawaii Corporation,
Third-Party Defendant/
Crossclaimant-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge